# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-707-DCK

| | |
|---|---|
| MICHAEL MCCARTER and FRANCES SUZETTE MCCARTER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     **ORDER** |
| | ) |
| JAMES LOUIS STOUDENMIER, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion For Partial Summary Judgment For Lack Of Evidence Of Contributory Negligence On Part Of The Plaintiff" (Document No. 17). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## I. BACKGROUND

Michael McCarter and Frances Suzette McCarter ("Plaintiffs") initiated this action with the filing of a Complaint with this Court on October 11, 2016. (Document No. 1). The Complaint seeks actual and punitive damages resulting from a vehicle collision on November 15, 2015. <u>Id.</u> Plaintiffs contend that James Louis Stoudenmier ("Defendant") was responsible for the accident and was reckless, negligent, and acted in violation of the common and statutory laws of the State of North Carolina. <u>Id.</u>

"Defendant's Answer To Plaintiff's Complaint" (Document No. 6) was filed on November 7, 2016. "Defendant's Answer..." denies liability and suggests that Plaintiff Michael McCarter was contributorily negligent. (Document No. 6).

On February 1, 2017, the parties filed a "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 10). That same day, the undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 12).

"Plaintiffs' Motion For Partial Summary Judgment For Lack Of Evidence of Contributory Negligence On Part Of The Plaintiff" (Document No. 17) was timely filed on February 28, 2018. "Defendant's Response To Plaintiffs' Motion For Partial Summary Judgment For Lack Of Evidence Of Contributory Negligence On Part Of The Plaintiff" (Document No. 20) was filed on March 13, 2018. Plaintiff has failed to file a reply brief, or notice of its intent not to file a reply brief, and the time to do so has lapsed. See Local Rule 7.1 (e).

The pending motion is ripe for review and disposition.

## II. STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

Once the movant's initial burden is met, the burden shifts to the nonmoving party. <u>Webb v. K.R. Drenth Trucking, Inc.</u>, 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 248. In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson</u>, 477 U.S. at 255. At summary judgment, it is inappropriate for a court to weigh evidence or make credibility determinations. <u>Id.</u>

### III. DISCUSSION

The opening of "Plaintiff's Motion For Partial Summary Judgment…" states that:

> In this "who ran the red light" case, discovery reveals both sides have set forth evidence that the other driver had the red light. One of them is wrong. The jury will resolve that dispute.

(Document No. 17, p.6).

Based on Plaintiff's own admissions regarding the evidence, and viewing the evidence in the light most favorable to the non-movant, the undersigned finds that there is a genuine issue of fact as to whether Plaintiff Michael McCarter was contributorily negligent. In short, the legal authority and arguments in "Defendant's Response…" are most persuasive. (Document No. 20). As such, Plaintiff has correctly forecast that this dispute should be resolved by a jury. (Document No. 17, p.1).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion For Partial Summary Judgment For Lack Of Evidence Of Contributory Negligence On Part Of The Plaintiff" (Document No. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that counsel for the parties shall appear before the undersigned for a Final Pretrial Conference at 2:00 p.m. on **April 10, 2018**. The parties shall make appropriate pretrial filings and preparations pursuant to the "Pretrial Order And Case Management Plan" (Document No. 12).

**IT IS FURTHER ORDERED** that this matter is set for trial during the civil term beginning **April 16, 2018** at 9:30 a.m. in Courtroom 2-2 of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina 28202.

**SO ORDERED**.

Signed: March 21, 2018

David C. Keesler
United States Magistrate Judge